FILED
18 APR 19 PM 2: 33
CLERK, U.S. DISTRICT C
WESTERN DISTRICT OF T
BY_____ DM
DEPUTY CL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

IDA MAWATU,
        Appellant,

-vs-

ONEMAIN FINANCIAL OF TEXAS, INC.,
        Appellee.

CAUSE NO.:
A-17-CA-1222-SS

## ORDER

BE IT REMEMBERED on the 13th day of April 2018, the Court held a hearing in the above-styled cause in which Appellant Ida Mawatu appeared in person and Appellee OneMain Financial of Texas, Inc. (OneMain) appeared by and through counsel. Before the Court are Appellant Mawatu's Brief [#9], and Appellee OneMain's Brief [#14]; Mawatu's Motion for Enforcement of Bankruptcy Discharge Order [#5], and OneMain's Response [#12] in opposition; Mawatu's Motion to Appoint Attorney-Guardian Ad Litem [#10], and OneMain's Response [#11] in opposition; as well as OneMain's Motion to Dismiss Appeal [#13], and Mawatu's Response [#17] in opposition. Having reviewed the documents, the governing law, the arguments of the parties at hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is an appeal from an order of the United States Bankruptcy Court for the Western District of Texas, Austin Division, denying Mawatu's "Amended Motion to Avoid Nonpossessory, Non-Purchase Money Security Interest and Lien Avoidance [ECF No. 83]" as it pertains to OneMain. *See* Notice Appeal [#1-1] Ex. 2 (Bankruptcy Order).



Mawatu filed for Chapter 13 bankruptcy on December 9, 2016. On June 23, 2017, Mawatu converted to Chapter 7 bankruptcy. Bankruptcy R. [#6-1] Ex. 1 at 6. Mawatu filed an amended motion to avoid lien on September 28, 2017. On September 29, 2017, the Bankruptcy Court entered a discharge order, stating "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated." *Id.* at 88–89 (Discharge Order). After conducting a hearing, the Bankruptcy Court denied Mawatu's motion to avoid lien "[f]or the reasons stated on the record." *See* Bankruptcy Order (signed December 13, 2017).

Mawatu now appeals the Bankruptcy Order to this Court. In addition, Mawatu has filed two opposed motions: (1) a motion for enforcement of Discharge Order, and (2) a motion to appoint attorney-guardian ad litem. OneMain has filed a motion to dismiss Mawatu's appeal. All motions are fully briefed and ready for consideration.

## Analysis

The Court will begin with the parties' ancillary motions, followed by consideration of the Mawatu's appeal of the Bankruptcy Order.

### I. Motion for Enforcement of Discharge Order

Mawatu contends OneMain should be held in contempt for disobeying the Bankruptcy Court's Discharge Order by repossessing and refusing to return her automobile. *See* Mot. Enforcement [#5] at 1–2. OneMain argues it has acted within its legal rights in repossessing collateral for Mawatu's secured loan. *See* Resp. [#12] at 1–4.

Mawatu has not shown any violation of the Discharge Order. OneMain is a secured creditor with a lien, and thus permitted by the express language of the Discharge Order to enforce a claim against Mawatu's property subject to its lien. There is no evidence OneMain's

lien was avoided or eliminated. Indeed, the Bankruptcy Court denied Mawatu's motion to avoid OneMain's lien. Accordingly, Mawatu's motion for enforcement of the Discharge Order is DENIED.

## II. Motion to Appoint Attorney-Guardian Ad Litem

Mawatu requests the Court appoint an independent attorney pursuant to Federal Rule of Civil Procedure 17 to act as guardian ad litem for Z.A.C., a disabled autistic minor child. *See* Mot. Appoint [#10]. Mawatu characterizes Z.A.C. as "the beneficial appellant" in this case, entitled "to excess funds from the over-secured collateral and any damages due from the uninsured drunk driver." *Id.* at 1. OneMain opposes Mawatu's motion because Z.A.C. is not party to the underlying bankruptcy proceedings. Resp. [#11] at 3.

The Court finds no basis for appointing an attorney or guardian ad litem for Z.A.C. Despite Mawatu's briefing and explanation at the hearing, it is still unclear why or how Z.A.C. is legally relevant to this appeal. Mawatu is the only debtor in the bankruptcy proceedings and the only party listed on the title document for the collateral automobile at issue on appeal. Even if the Court takes Mawatu's allegations as true, these allegations have no bearing on the narrow issue in this appeal—the Bankruptcy Order denying Mawatu's motion to avoid lien. For these reasons, Mawatu's request to appoint an attorney or guardian is DENIED.

## III. Motion to Dismiss Appeal

OneMain seeks dismissal of Mawatu's appeal under Federal Rule of Bankruptcy Procedure 8018(4) because Mawatu filed her appeal brief four days past the Court's deadline. *See* Mot. Dismiss [#13]. Mawatu opposes OneMain's motion. *See* Resp. [#17].

3

Dismissal under Rule 8018 is discretionary. Mawatu is proceeding pro se, and therefore the Court declines to dismiss this case because of a late-filed appeal brief. OneMain's motion to dismiss is therefore DENIED.

### III. Appeal of the Bankruptcy Order

The Court now addresses the merits of Mawatu's appeal of the Bankruptcy Order. For the reasons stated below, the Court affirms the Bankruptcy Order.

On appeal, "[a] bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed de novo." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). "Under a clear error standard, this court will reverse only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted).

Mawatu summarizes her appeal as a redress of the Bankruptcy Order "denying the avoidance of non-purchase money security interest and equity credit upon an over-secured auto collateral that commingles a disabled child supplemental social security disability benefits ('SSI') and automobile insurance proceeds that duplicated as purchase money from one auto collateral to another." Br. [#9] at 1. Mawatu contends OneMain improperly settled with a minor child's insurance company and used excess insurance proceeds for its own enrichment. *Id.* at 1–2. According to Mawatu, the Bankruptcy Order does not comply with Sections 407(a) and (b) of the Social Security Act. *Id.* at 2–3.

The record in this appeal is incomplete and insufficient for the Court to substantively review the Bankruptcy Order. Under Federal Rules of Bankruptcy Procedure, the appellant bears the burden of creating the record on appeal. *See* Fed. R. Bankr. P. 8009; *see also In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000) ("The burden of creating an adequate record [in a

4

bankruptcy appeal] rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts.").

As stated in the Bankruptcy Order Mawatu appeals, United States Bankruptcy Judge Tony Davis denied Mawatu's motion to avoid OneMain's lien "[f]or the reasons stated on the record." *See* Bankruptcy Order at 1. Mawatu designated the Bankruptcy Court hearing transcript on her motion as part of the appeal record. *See* Designation [#3] at 1. However, Mawatu failed to order a copy of the transcript and supplement the record as required by the Federal Rules of Bankruptcy Procedure. OneMain noted this shortcoming in its appeal brief, citing Rule 8009(b) and relevant case law indicating dismissal is warranted. *See* Br. [#14] at 5–6. As of today, Mawatu has yet to supplement the record with the hearing transcript.

The Court affirms the Bankruptcy Order because it cannot review the Bankruptcy Court's findings of facts and conclusions of law without a copy of the transcript containing the same. *See Sheppard v. Love*, 6:16-CV-169 RP, 2016 WL 7324100, at *3 (W.D. Tex. Dec. 15, 2016), *aff'd sub nom. Matter of Sheppard*, 686 F. App'x 289 (5th Cir. 2017) ("Without a transcript, the Court cannot review the findings and conclusions of the bankruptcy court . . . the Court is left with no choice but to affirm the ruling of the bankruptcy court."); *see also In re Solomon*, 129 F.3d 608 (5th Cir. 1997) ("In the absence of a transcript, we must presume the bankruptcy court's findings of fact are correct and supported by the evidence"); *In re Foster*, 644 F. App'x 336, 338 (5th Cir. 2016) ("We cannot review that determination because, in their appeal to the district court and again to this court, the children failed to include in the record a transcript of the evidentiary hearing.").

The Court also affirms the Bankruptcy Order because Mawatu has failed to demonstrate the Bankruptcy Court erred. OneMain is a secured creditor with a lien on Mawatu's repossessed

automobile. The Discharge Order permitted enforcement of secured liens. Mawatu's reference to the Social Security Act lacks any legal relevance to OneMain's lien. After considering Mawatu's arguments and evidence, the Court sees no reason why OneMain's lien should be avoided or eliminated. In sum, Mawatu has failed to show the Bankruptcy Court erred in denying her motion to avoid OneMain's lien.

## Conclusion

The decision of the Bankruptcy Court to deny Mawatu's "Amended Motion to Avoid Nonpossessory, Non-Purchase Money Security Interest and Lien Avoidance" with respect to OneMain is affirmed. All other relief is denied consistent with this opinion.

Accordingly:

IT IS ORDERED that the Bankruptcy Order of the Bankruptcy Court is AFFIRMED.

IT IS FURTHER ORDERED that Mawatu's Motion for Enforcement of Bankruptcy Discharge Order [#5] is DENIED;

IT IS FURTHER ORDERED that Mawatu's Motion to Appoint Attorney-Guardian Ad Litem [#10] is DENIED; and

IT IS FINALLY ORDERED that OneMain's Motion to Dismiss Appeal [#13] is DENIED.

SIGNED this the 19th day of April 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE